1    **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                       FOR THE DISTRICT OF ARIZONA

8

9    Best Western International, Inc., an )    No. CIV 05-0889-PHX-MHM
     Arizona non-profit corporation,        )
10                                           )    **ORDER**
                    Plaintiff,               )
11                                           )
     vs.                                     )
12                                           )
                                             )
13   Brice Hotel, Inc., an Ohio corporation;)
     and Jui Jer Lin, an individual,         )
14                                           )
                    Defendants.              )
15                                           )
                                             )
16   _____)

17        Defendants have filed a motion to transfer venue of this action to the Southern District

18   of Ohio, Eastern Division. (Doc. 6).  Plaintiff has filed a response in opposition to the motion

19   (Doc. 7).  The Court enters this Order on Defendants' motion to transfer venue.

20        Plaintiff has filed a complaint alleging claims for breach of contract, federal trademark

21   infringement, and unfair competition under the Trademark Act of 1946, as amended (the

22   Lanham Act, 15 U.S.C. §§ 1051 et seq.), and related common law and statutory causes of

23   action.  This action arises from Defendants' alleged unauthorized use of Plaintiff's trade

24   name, trademarks, service marks, logos, and other identifying symbols, in violation of

25   Plaintiff's federal and common law trademark rights. The Court's jurisdiction has been

26   invoked, *inter alia*, based on federal question and diversity of citizenship.  Plaintiff is a non-

27   profit corporation organized under the laws of the State of Arizona with its headquarters in

28   Phoenix, Arizona.  Defendant Brice Hotel, Inc., is an Ohio corporation with its principal

1   place of business in Columbus, Franklin County, Ohio.  Defendant Jui Jer Lin is a resident

2   and citizen of Columbus, Ohio.  The City of Columbus, Ohio, is located within the Southern

3   District of Ohio, Eastern Division.

4        Under 28 U.S.C. § 1391(b), venue in a civil action in which jurisdiction is not founded

5   solely on diversity of citizenship generally may be brought in (1) a judicial district where any

6   defendant resides, if all defendants reside in the same State, (2) a judicial district in which

7   a substantial part of the events or omissions giving rise to the claim occurred, or a substantial

8   part of property that is the subject of the action is situated, or (3) a judicial district in which

9   any defendant may be found, if there is no district in which the action may otherwise be

10  brought.

11       Title 28, United States Code, section 1404(a) provides that "[f]or the convenience of

12  parties and witnesses, in the interest of justice, a district court may transfer any civil action

13  to any other district or division where it might have been brought."  The purpose of  §

14  1404(a) is to "'prevent the waste of time, energy, and money' and 'to protect litigants,

15  witnesses and the public against unnecessary inconvenience and expense.'"  Van Dusen v.

16  Barrack, 376 U.S. 612, 616 (1964).  Determination of a motion to transfer lies within the

17  broad discretion of the district court and is based on individualized considerations of

18  convenience and fairness.  See Jones v. GNC Franchising, Inc., 211 F.3d 495, 498 (9th Cir.

19  2000).  The party moving for transfer of venue must establish (1) that venue is proper in the

20  transferor district; (2) that the transferee district is one where the action might have been

21  brought; and (3) that the transfer will serve the convenience of the parties and witnesses and

22  will promote the interest of justice.  Goodyear Tire & Rubber Co. v. McDonnell Douglas

23  Corp., 820 F. Supp. 503, 506 (C.D.Cal. 1992).  If the Court determines that the requested

24  transferee district is appropriate, the Court must further determine whether the action should

25  in fact be transferred. In making this determination, the Court considers convenience to the

26  parties, convenience to the witnesses and the interest of justice. Generally, some weight is

27  given to the plaintiff's choice of forum and the ease of access to the proof.  Decker Coal Co.

28  v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986).

1    Defendants contend that relevant factors support a change of venue to the Southern
2    District of Ohio. Defendants argue that on or about April 14, 1995, they executed a
3    Membership Application and Agreement which set forth the terms of its contract with
4    Plaintiff and that on June 22, 2004, they were notified that the property located at 2100 Brice
5    Road, Columbus, Ohio, was divested of its membership in Best Western International.  This
6    notification letter provided that Defendants had fifteen (15) days to remove all Best Western
7    signs, symbols, designs and marks from the Brice Road property.  Defendants contend that
8    they complied with the cancellation notice, reached an agreement as to the balance owed on
9    their Best Western account and rendered payment on October 22, 2004.  Nevertheless,
10   Plaintiff filed this lawsuit in the District of Arizona.

11   Defendants contend that venue is proper in the Southern District of Ohio based on the
12   following factors. Defendants' alleged non-compliance  took place in Columbus, Franklin
13   County, Ohio.  The witnesses that Defendants intend to call all reside in Columbus, Ohio,
14   and are beyond the jurisdiction and reach of this Court.  Defendants have identified Jui Jer
15   Lin, a named Defendant, and four other persons as potential witnesses, and contend that
16   requiring these witnesses to travel approximately two thousand miles from Columbus to
17   Phoenix would pose undue costs and hardship on Defendants and the witnesses. The
18   documents and records, including customer base records, are located in Ohio.  Defendants
19   argue that the obligations of Defendant Brice Hotel did not arise out of activities that
20   occurred in Arizona.  Defendants further contend that the forum selection clause in their
21   Agreement which provided for application of the law of the State of Arizona to the parties'
22   disputes amounts to a contract of adhesion and is unconscionable.  As to this point,
23   Defendants assert that the Agreement is a standardized form that did not offer them a realistic
24   opportunity to bargain and they could not obtain the desired license without being held to the
25   entire contract. Defendants contend that the costs associated with defending this lawsuit in
26   the District of Arizona create a hardship that clearly outweighs any injustice Plaintiff might
27   suffer if venue is transferred to the Southern District of Ohio.

28

1    In opposing Defendants' motion to transfer venue, Plaintiff has responded that its

2   action is not based on non-compliance with the termination letter but upon Defendants'

3   breach of the terms of the Membership Agreement and violation of federal and state law

4   provisions.  According to Plaintiff, Defendants presented their Application for membership

5   in the Best Western organization in Arizona and paid their financial accounts owed to Best

6   Western to Plaintiff's offices in Arizona.  Plaintiff contends that all trademark rights that are

7   the subject of the lawsuit are held by Best Western, an Arizona corporation, and that the

8   injury complained of occurred to an Arizona corporation.  Plaintiff alleges as most significant

9   that the terms of Defendants' Membership Agreement provided that the Agreement was to

10  be governed and construed according to the laws of the State of Arizona and that Defendants

11  agreed that the courts located in Arizona would have exclusive jurisdiction to hear and

12  determine all disputes arising from the parties' relationship, with venue in Maricopa County,

13  Arizona.  Plaintiff's records and its witnesses all are located in Phoenix.  Four of Defendants'

14  five witnesses include a Defendant and Defendants' employees who have agreed to

15  jurisdiction and venue in Arizona.

16    Plaintiff also has brought to the Court's attention a previous lawsuit between the

17  parties, Case  No. CV-04-2050-PHX-JAT, which asserted similar claims for trademark

18  infringement and non-payment of accounts. According to Plaintiff, this case was resolved

19  based on representations that Defendants had ceased all alleged infringing activities and had

20  paid certain sums due and owing to Plaintiff.  Plaintiff thereafter allegedly learned that

21  Defendants were continuing their alleged infringing activities and the instant action was

22  filed.

23    The Court has considered the arguments of the parties and concludes that venue is

24  proper in the District of Arizona.  Part of the events or omissions giving rise to the claim

25  occurred in Arizona and venue in this District appears appropriate.  Plaintiff chose the

26  present forum for this litigation and the Court must give some weight to Plaintiff's choice of

27  forum.  Defendants agreed to this forum and venue pursuant to the terms of the Membership

28  Agreement. Plaintiff is a non-profit membership organization, its bylaws are determined by

1   a vote of its members and its directors are elected by its members.  Defendant Lin was a

2   voting member of the Best Western organization until termination of Defendants' Best

3   Western membership.

4          The Court has reviewed the "Application of Law and Choice of Forum" provisions

5   of the Membership Agreement.  (see Doc. 1 - Complaint, Exhibit 1, paragraphs 37-38).

6   "Under federal law, a forum selection clause is prima facie valid and should be enforced

7   unless enforcement is shown by the resisting party to be 'unreasonable' under the

8   circumstances."  Sarmiento v. BMG Entertainment, 326 F. Supp. 2d 1108, 1110 (C.D.Cal.

9   2003)(citing M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10 (1972)).   A forum

10  selection clause may be found to be unreasonable if (1) its formation was induced by fraud

11  or overreaching; (2) the complaining party "will for all practical purposes be deprived of his

12  day in court" because of the grave inconvenience or unfairness of the selected forum; (3) its

13  enforcement would contravene a strong public policy of the forum state.  Id.; see also, M/S

14  Bremen v. Zapata Off-Shore Co., 407 U.S. at 18.  Defendants do not appear to be asserting

15  fraud or that for all practical purposes they will be deprived of their day in court as a result

16  of the selected forum.  Defendants appear to be asserting overreaching by claiming that they

17  were powerless to bargain.  However, a forum selection clause is not unconscionable despite

18  the fact that the clause may now be disadvantageous to Defendants, it was presented to them

19  on a take it or leave it basis or it is a form contract.  See Fireman's Fund Ins. Co. v. M.V.

20  DSR Atlantic, 131 F.3d 1336, 1338 (9th Cir. 1997); and Stamm v. Barclays Bank of New

21  York, 960 F. Supp. 724, 733 (S.D.N.Y. 1997).  Any inconvenience a party "would suffer by

22  being forced to litigate in the contractual forum as it agreed to do was clearly foreseeable at

23  the time of contracting."  Bremen, 407 U.S. at 17-18.  Defendants have not satisfied their

24  burden of demonstrating that enforcement of the forum-selection clause is unreasonable.

25         On a motion to transfer, the burden is on the defendant to show that the convenience

26  of parties and witnesses and the interest of justice require transfer to another district.  CFA

27  Northern Cal., Inc. v. CRT Partners LLP, 378 F. Supp. 2d 1177, 1185 (N.D.Cal. 2005). Upon

28  consideration of the relevant factors, and in the interest of the administration of justice, the

1   Court has determined that Defendants' motion to transfer venue to the Southern District of

2   Ohio, Eastern Division, should be denied.

3   .   **Accordingly,**

4       **IT IS ORDERED** that Defendants' motion to transfer venue to the Southern District

5   of Ohio, Eastern Division (Doc. 6) is denied.

6       **IT IS FURTHER ORDERED** that Defendants shall file and serve a responsive

7   pleading within fifteen (15) days of the filing date of this Order.

8       DATED this 25th day of January, 2006.

9

10

11

12

13

14   _____

15   Mary H. Murguia
     United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28